Benjamin J. R. Dow, impleaded with Dillard Tully, Plaintiff in Error, *v.* Jonas Seely, Defendant in Error.

ERROR TO CUMBERLAND.

Although one who was a party to a transaction out of which a mortgage originated, might properly enough have been a party to a suit to foreclose, the omission to make him one is not fatal; an account taken under such a suit does not bind him. An objection of this character, comes too late in this court.

The proper mode of objecting to the report of a master, upon the ground that he has given too short notice of sale under a decree, is by excepting in the court below.

If it appears that the solicitor and the commissioner executing a decree have the same names, it does not follow they are identical; if they are, objection on this score should be taken in proper time, at least before property is sold.

THIS was a proceeding on the chancery side of the Cumberland Circuit Court, at the May term, 1859, thereof.

The said Jonas Seely filed his bill to foreclose a certain mortgage, executed by the defendant, Dillard Tully, which is in the usual form, except so far as it sets up a mistake in the clause of defeasance or condition.

The bill shows that one Aaron Oldham was a party to the transaction, out of which the mortgage originated. The contract is set out, with an allegation of a breach of the condition, and shows how Benjamin J. R. Dow has become a party interested.

The prayer of the bill is, that Tully and Dow may be made defendants, and required to answer, the oath of Dow being expressly waived as an incident to his answer. That the mortgage be reformed in accordance with the allegations in the bill, for an account, foreclosure, sale and report, etc.

This bill is filed by one Hiram B. Decius, as solicitor for complainant.

The record sets out the answer of Benjamin J. R. Dow, which is not under oath, but admits the allegations of the bill affecting him.

A decree of foreclosure, etc., was entered, in which Hiram B. Decius is appointed a commissioner in chancery to execute the decree, and required to report "his actings and doings" under the same at the next term of the court, to which time the cause was continued.

C. H. CONSTABLE, for Plaintiff in Error.

J. SCHOLFIELD, and H. B. DECIUS, for Defendant in Error.

CATON, C. J. The first objection is, that Oldham should have been made a party. We do not think so. While there might have been no impropriety in making him a party, and thus allowing him to be present at the taking of the account, yet that was not indispensable. He was not a party to the mortgage, although it was given to secure advances made to him, and he is not bound by the account taken, and upon which the decree

was based. At least it is too late to object for the first time, in this court, that he was not made a party.

It is next objected here, for the first time, that the report of the master does. not state the length of time he advertised the property, but states that he advertised it as specified in the decree. We are inclined to think that sufficient, but, at any rate, the only mode of taking advantage of that, is by excepting to the report, in the court below.

The master named in the decree to execute it, is of the same name as the complainant's solicitor. We know nothing beyond this, whether these names indicate the same person. But assuming that they are, we think the defendant should have made some move or objection, either in this court or the court below, to correct that impropriety, instead of waiting till the property has been sold, to enable him to determine whether it is a good sale or a bad one. He has no right to speculate on the chances in that way. After acquiescing by his silence, till the decree was executed, it is now too late to object to the fitness of the officer appointed to execute it.

The decree is affirmed.

*Decree affirmed.*