## JAMES W. BURKE *et al.*

### *v.*

## WILLIAM WEAVER *et al.*

1. MASTER'S REPORT OF SALE—*need not set out the notice of sale.* It is sufficient for the master in chancery, in his report of a sale made under a decree of court, to state that he gave the notice required by the decree, without stating what that notice was.

2. MASTER'S SALE — *certificate of purchase, or deed.* It is the duty of the master in chancery, when he makes a sale of real estate under a decree of court, for the payment of money, instead of executing a deed, to give a certificate of purchase, showing when the purchaser will be entitled to a deed.

3. Where a decree for the sale of real estate in default of the payment of money, directs the master in chancery to make the sale and execute a deed, the proper construction of the decree is, that the deed is not to be made until after the expiration of the period allowed by law within which redemption may be effected.

4. In such case, the master has no authority to make a deed at the date of sale, and if he does so, and reports that fact to the court, that part of his report should not be approved, but the execution of the deed, instead of a certificate of purchase, in no manner affects the regularity of the sale, and it is error to set the sale aside on that account.

WRIT OF ERROR to the Circuit Court of Macon county; the Hon. C. B. SMITH, Judge, presiding.

Mr. I. A. BUCKINGHAM, and Mr. JOHN W. SMITH, for the plaintiffs in error.

Messrs. CREA & EWING, for the defendants in error.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This is a writ of error to the Macon circuit court, on a decree sustaining exceptions to a master's report, and setting aside the sale of certain lands.

A decree was rendered in behalf of the complainants, setting aside a certain conveyance as fraudulent ; declaring that the lands thereby attempted to be conveyed, were equitably subject to the payment of the judgments of the complainants, and directing that unless the defendants should, within ninety days from the date of the decree, satisfy the judgments, the master in chancery should sell the same for cash in hand, etc. ; and that he should execute a deed or deeds to the purchasers, etc.

At the next term of the court, succeeding the rendition of this decree, the master in chancery made his report to the court, to which the defendants filed the following written exceptions :

"1st.   For that said report states, that said master made the sale therein set forth, after having given notice of sale as in and by said decree required, whereas it should state what notice was given.

"2d.   That said report states, that he (meaning the said master) executed a deed to said purchaser (meaning the purchaser at said sale) in fee simple for said land, on the day of said sale, whereas it should state that he executed and delivered to said purchaser a certificate of purchase of said land, such as is required by the statute of this State in case of sale of land upon a judgment of a court of law."

The court below decreed that the exceptions be sustained, and the sale of the lands set aside.

This decree can not be sustained. The first exception is fully answered by *Dow* v. *Seely,* 29 Ill. 495, *Moore* v. *Titman,* 33 id. 358, *Hess* v. *Voss,* 52 id. 472.

The master in chancery was required, by the provisions of section 69, chap. 57, relating to Judgments and Executions, in force July 1, 1872, (2 Gross, 219,) instead of executing a deed for the premises sold, to give to the purchaser a certificate of purchase, showing when he would be entitled to a deed, etc.

Although the decree, in general terms, directs the master to make a deed, we can not presume that it was intended that it should be made in open and palpable violation of law ; but we think the reasonable construction to be given the language used, and the one most in consonance with the principles of equity, is, that this duty was to be discharged after the expiration of the period allowed by law, within which redemption might be effected.

The master in chancery had no authority to make a deed at the date of sale, and so much of his report should not have been approved. But this in no manner affected the regularity of the sale, and the decree setting it aside was erroneous.

The decree setting aside the sale will be reversed, and the cause remanded for further proceedings.

*Decree reversed.*